**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**GEORGE DULIN**                                                                                           **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO.: 4:07CV194-SA-DAS**

**BOARD OF COMMISSIONERS OF THE**
**GREENWOOD LEFLORE HOSPITAL**
**and ROBERT MOORE**                                                                          **DEFENDANTS**

## ORDER DENYING
## MOTION TO BIFURCATE TRIAL

Presently before the Court is Plaintiff's Motion to Bifurcate Trial of Claim from Trial of Counterclaim [87]. The Court, having considered the motion and the responses thereto, finds that the motion should be denied.

On November 26, 2007, George Dulin commenced this action against the Board of Commissioners of the Greenwood Leflore Hospital alleging race discrimination in the replacement of Dulin as the Board attorney. Subsequently, he filed an amended complaint naming Robert Moore as a defendant. On July 29, 2008, the Board filed its amended answer and counterclaim seeking damages for legal malpractice for Dulin's alleged negligence, breach of fiduciary duty, and breach of contract with the Board.

Plaintiff filed his Motion to Bifurcate, wherein he requests the Board's legal malpractice counterclaim against Dulin be tried separately from Dulin's race discrimination claim. Rule 42(b) of the Federal Rules of Civil Procedure provides as follows: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

Plaintiff contends that this case is two separate, unrelated lawsuits. Plaintiff asserts that the

counterclaim of legal malpractice against him is not relevant to his race discrimination claim as it does not create the probability that the Board had a legitimate reason for firing him. Further, Plaintiff submits introducing these matters in the trial will be highly prejudicial and confusing to the jury.

The Court disagrees with Plaintiff's position and finds his job performance, which necessarily will involve the counterclaim for legal malpractice, is relevant to Defendant's defense to race discrimination, i.e., a legitimate reason for terminating him. The Court is not convinced the Plaintiff would be prejudiced or inconvenienced by having one trial. Any potential prejudice or confusion could be remedied through the use of jury instructions. Further, Plaintiff has failed to demonstrate separate trials would be conducive to expedition and economy, especially considering these claims will involve the same witnesses and similar testimony.

Accordingly, Plaintiff's Motion to Bifurcate Trial of Claim from Trial of Counterclaim [87] is DENIED.

SO ORDERED, this the 14th day of July 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**