**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GEORGE DULIN**                                                                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.: 4:07CV194-SA-DAS**

**BOARD OF COMMISSIONERS OF THE
GREENWOOD LEFLORE HOSPITAL
and ROBERT MOORE**                                                                   **DEFENDANTS**

<u>ORDER DENYING
MOTIONS TO TRANSFER TRIAL</u>

Presently before the Court is Defendant Board of Commissioners of the Greenwood Leflore Hospital's Motion to Transfer Trial to Greenville, Mississippi [142] and Defendant Robert E. Moore's Motion for Leave to File Motion to Transfer [143]. The Court finds as follows:

Defendants have requested that the Court move this trial presently scheduled in Aberdeen, Mississippi, to Greenville, Mississippi. This request comes only nine business days before the scheduled trial date of September 28, 2009. This case has been pending for almost three years, and the trial has been scheduled outside of Greenville the entire time.[1] Until now, there have been no challenges to the trial's location.

Defendants' motions to transfer the trial to Greenville, pursuant to 28 U.S.C. § 1404(a)[2], are untimely under the Court's Scheduling Order. The initial Scheduling Order established that the

---

[1] Plaintiff filed suit in the Greenville Division of the Northern District of Mississippi on November 26, 2007. According to the April 24, 2008, Notice of Trial, this trial initially was set for April 6, 2009, in Oxford, Mississippi. Due to the parties' request for trial continuances, this Court entered two other Notices of Trial on February 23, 2009, and April 15, 2009, setting the trial in Aberdeen, Mississippi, for later dates. The last Notice of Trial dated April 15, 2009, set the trial in Aberdeen, Mississippi, beginning on September 28, 2009.

[2] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

motion deadline was December 5, 2008. The Court later extended the deadline until June 24, 2009. The Scheduling Order [63] required that "[a]ll motions other than motions *in limine*, INCLUDING DISPOSITIVE AND DAUBERT MOTIONS, shall be filed by: June 24, 2009." Defendants Board and Moore did not file their motions until September 14 and 15, respectively, well beyond the June 24, 2009, motion deadline established by the Court. Defendants have provided no explanation for the tardiness of their request. Consequently, because Defendants' motions were filed after the expiration of the motion deadline, the Court concludes that they should be denied. UNIF. LOCAL R. 7.2(K) ("Any motion served beyond the motion deadline imposed in the Case Management Order . . . may be denied solely because the motion is served untimely.").

Furthermore, even if the Court were to review Defendants' motions on the merits, it is unlikely Defendants would be able to sufficiently demonstrate a strong showing of prejudice under the circumstances. See Johnson v. Lewis, 2009 WL 2169661, *4 (N.D. Miss. July 20, 2009) (holding that a moving party has to show a "strong showing of prejudice" in order to deem transfer necessary and appropriate and that the inconvenience of the witnesses alone is insufficient).

Accordingly, Defendant Board's Motion to Transfer Trial to Greenville, Mississippi [142] and Defendant Robert E. Moore's Motion for Leave to File Motion to Transfer [143] are DENIED as untimely. The trial will be held as scheduled in Aberdeen, Mississippi, beginning on September 28, 2009.

SO ORDERED, this the 21st day of September 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**