**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GEORGE DULIN**                                                                               **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.: 4:07CV194-SA-DAS**

**BOARD OF COMMISSIONERS OF THE**
**GREENWOOD LEFLORE HOSPITAL**
**and ROBERT MOORE**                                                       **DEFENDANTS**

ORDER DENYING MOTIONS TO RECONSIDER

Presently before the Court is Defendant Board of Commissioners of the Greenwood Leflore Hospital's Motion for Reconsideration of Order Denying Motion to Transfer Trial [151] and Defendant Robert E. Moore's Motion to Reconsider Order Denying Motion to Transfer Trial [152]. The Court finds as follows:

Defendants previously requested that the Court move the trial of this matter scheduled in Aberdeen, Mississippi, to Greenville, Mississippi. This request came only nine business days before the scheduled trial date of September 28, 2009. This Court held in its Order Denying Motions to Transfer Trial [146] dated September 21, 2009, that Defendants' motions to transfer the trial to Greenville, pursuant to 28 U.S.C. § 1404(a)[1], were untimely under the Court's Scheduling Order.

Plaintiff filed a Motion to Continue Trial Setting [148] on September 25, 2009. Plaintiff's counsel began a trial in the Harrison County Circuit Court on Tuesday, September 22, 2009. Counsel notified this Court that the trial would not be completed by Friday, September 25, 2009, and would continue through Monday, September, 28, 2009. The Court then entered an Order

---

[1] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Granting Plaintiff's Motion to Continue Trial [150].

Based on the recent trial continuance, Defendants have filed Motions to Reconsider this Court's Order Denying Motions to Transfer Trial to Greenville, Mississippi [151,152]. Defendants reurge the arguments contained in their Motions to Transfer Trial.

Counsel for all parties took part in a conference call with this Court on September 25, 2009, regarding the continuance and rescheduling of the trial of this matter. The Court provided two available trial dates of January 4, 2010, and January 19, 2010. After much discussion, the Court received word that all parties were in agreement with the January 19, 2010, trial date. At no time during the conference call did counsel for any party raise the issue of venue. Accordingly, the Court noticed the trial for January 19, 2010, in Aberdeen, Mississippi. When the present motions were filed, the Court referenced the Greenville, Mississippi, courtroom calendar, and the Greenville courtroom is not available the week of January 19, 2010.

For the same reasons listed in the Court's Order denying Motions to Transfer Trial [146], the Motions to Reconsider [151,152] are denied. Specifically, this Court held that the initial Scheduling Order established that the motion deadline was December 5, 2008. The Court later extended the deadline until June 24, 2009. The Scheduling Order [63] required that "[a]ll motions other than motions *in limine*, INCLUDING DISPOSITIVE AND DAUBERT MOTIONS, shall be filed by: June 24, 2009." Defendants Board and Moore did not file their motions until September 14 and 15, respectively, well beyond the June 24, 2009, motion deadline established by the Court. Defendants provided no explanation for the tardiness of their request. Consequently, because Defendants' motions were filed after the expiration of the motion deadline, the Court concluded that they should be denied. UNIF. LOCAL R. 7.2(K) ("Any motion served beyond the motion deadline

imposed in the Case Management Order . . . may be denied solely because the motion is served untimely.").

The Court elaborated that even if it were to review Defendants' motions on the merits, it is unlikely Defendants would be able to sufficiently demonstrate a strong showing of prejudice under the circumstances. See Johnson v. Lewis, 2009 WL 2169661, *4 (N.D. Miss. July 20, 2009) (holding that a moving party has to show a "strong showing of prejudice" in order to deem transfer necessary and appropriate and that the inconvenience of the witnesses alone is insufficient).

Accordingly, Defendant Board's Motion for Reconsideration of Order Denying Motion to Transfer Trial [151] and Defendant Robert E. Moore's Motion to Reconsider Order Denying Motion to Transfer [143] are DENIED as untimely. The trial will be held as scheduled in Aberdeen, Mississippi, beginning on January 19, 2010.

SO ORDERED, this the 15th day of October, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**