IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GEORGE DULIN                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO.: 4:07CV194-SA-DAS

BOARD OF COMMISSIONERS OF THE
GREENWOOD LEFLORE HOSPITAL
and ROBERT MOORE                                                                              DEFENDANTS

## ORDER DENYING DEFENDANT
## ROBERT MOORE'S RENEWED MOTION FOR SANCTIONS

Presently before Court is Defendant Robert Moore's Renewed Motion for Sanctions [169] against Plaintiff.

Plaintiff filed his Amended Complaint against Defendant Robert Moore on July 24, 2008. The Amended Complaint alleges claims under 42 U.S.C. § 1981, the Fourteenth Amendment, and malicious interference with employment. Defendant Moore filed a Motion for Sanctions on June 29, 2009, alleging the action against him was filed "without factual or evidentiary support as to this defendant," and for "purposes of harassment." On July 23, 2009, the magistrate judge denied the motion as premature.

Moore also filed a Motion for Summary Judgment. This Court granted the Motion for Summary Judgment in favor of Defendant Moore on his 42 U.S.C. § 1981 and Fourteenth Amendment claim, but denied the Motion as to the state law malicious interference with employment claim. The jury trial of this matter began on January 19, 2010, and the Court entered judgment as a matter in favor of both Defendants.

Defendant Moore then filed his Renewed Motion for Sanctions. His Renewed Motion relies

on the arguments made in his first Motion for Sanctions. Moore's argument is simply that "[a]lthough[] Defendant Moore is sued in his individual capacity, [P]laintiff makes certain claims against Defendant Moore as though he operates under color of law. These claims stated under Section 1981 and the Fourteenth Amendment are patent[ly] frivolous, groundless and without any basis in fact or law."

Plaintiff opposes Defendant's Motion for Sanctions as Defendant Moore failed to comply with the requirements under Federal Rule of Civil Procedure 11, which provides:

> The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Here, Defendant Moore never served the first Motion for Sanctions or the Renewed Motion for Sanctions on Plaintiff before filing it with the Court. Because Defendant Moore failed to comply with the procedural requirement of Rule 11, his Renewed Motion for Sanctions [169] is DENIED.

Even if the Court addressed the merits, Defendant Moore's Renewed Motion for Sanctions would be denied as sanctions are not warranted. Federal Rule of Civil Procedure 11 allows sanctions under the following circumstances: (1) the pleading is "presented for any improper purpose, such as to harass . . ."; (2) "the claims, defenses, and other legal contentions are [not] warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law"; (3) "the factual contentions [do not] have evidentiary support or, if specifically so identified, will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) "the denials of factual contentions are [not] warranted on the evidence . . . ." Fed. R. Civ. P. 11(b).

The Court denied summary judgment on Plaintiff's malicious interference with employment

claim as there were genuine issues of material fact that warranted a trial. The Court concludes that the state law claim was not frivolous. Defendant Moore provided the Court with no explanation as to why he contends the Section 1981 claim and Fourteenth Amendment claim[1] are frivolous. Although the Court granted summary judgment on those two claims, the Court did not conclude the claims were meritless or frivolous. In fact, the Fifth Circuit has refused to decide whether Section 1981 claims will lie in a malicious interference context. See Felton v. Polles, 315 F. 3d 470, 480 (5th Cir. 2002) ("First, it is not clear whether a § 1981 claim lies against an individual defendant not a party to the contract giving rise to the claim."). Bellows v. Amoco Oil Co., 118 F. 3d 268, 274 (5th Cir. 1997) ("As a threshold matter, we observe that this court has not yet decided whether a plaintiff has a cause of action under § 1981 against a third party for interference with the plaintiff's right to make and enforce contracts."). Plaintiff argues and this Court agrees that the Court cannot conclude that Plaintiff's claims are frivolous when the Fifth Circuit has recognized the issues raised by Plaintiff, but declined to set clear parameters for such claims within the context of the cases previously decided.

As for the Fourteenth Amendment claim, private individuals may be held liable for constitutional violations under 42 U.S.C. § 1983 if they act in concert with state officials in depriving plaintiff of his constitutional rights. Keko v. Hingle, 318 F. 3d 639, 642 (5th Cir. 2003). The Court denied summary judgment on this claim holding that Moore was not a member of the Board that ultimately voted to replace Plaintiff. Thus, Moore "cannot be liable independently if [he] did not make the final decision." Beattie v. Madison School District, 254 F. 3d 595, 601 (5th Cir.

---

[1] Discrimination claims brought under the Fourteenth Amendment or Section 1981 generally are analyzed under the evidentiary framework applicable to Title VII claims. See, e.g., Lawrence v. University of Texas Medical Branch at Galveston, 163 F.3d 309, 311 (5th Cir. 1999).

3

2001). Sanctions are not warranted merely because the Court found Moore did not violate Plaintiff's constitutional rights. There is no evidence Plaintiff's claim was for the purpose of harassment. Defendant Moore's motion fails to meet any of the four criteria for an award of Rule 11 sanctions. Thus, even if addressed on its merits, Defendant Moore's Renewed Motion for Sanctions [169] would be DENIED.

SO ORDERED this the 6th day of August, 2010.

**s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**