**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GEORGE DULIN**                                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO.: 4:07-CV-194-A-V**

**BOARD OF COMMISSIONERS OF THE
GREENWOOD LEFLORE HOSPITAL**                                              **DEFENDANT**

<u>**MEMORANDUM OPINION & ORDER**</u>

Following a jury verdict in favor of Plaintiff George Dulin on his claims of racial discrimination in violation 42 U.S.C. §§ 1981 and 1983, the Defendant Board of Commissioners of the Greenwood Leflore Hospital has filed a Motion for Judgment as a Matter of Law, Alternative Motion for a New Trial, Alternative Motion to Amend Judgment, and Alternative Motion for Remittur [208]. For the following reasons, the Court finds Defendant's motions should be denied.

**BACKGROUND FACTS & PROCEDURAL HISTORY**

In this action for racial discrimination brought pursuant to 42 U.S.C. §§ 1981 and 1983, Plaintiff George Dulin claims he was terminated from his position as the attorney for the Defendant Board due to his race. This case was first tried in January 2010, whereupon at the conclusion of Plaintiff's case, the Court granted Defendant's motion for judgment as a matter of law. Plaintiff appealed, and the Fifth Circuit reversed and remanded the case "in light of the Supreme Court's holding in <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) that a 'plaintiff's prima facie case [of discrimination], combined with sufficient evidence to find that the employer's asserted justification [for termination] is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.'" <u>Dulin v. Bd. of Comm'rs of</u>

<u>Greenwood Leflore Hosp.</u>, 657 F.3d 251, 251-52 (5th Cir. 2011).[1]  Accordingly, the Fifth Circuit determined that "there is a triable issue of fact that requires a jury to decide fact and credibility issues."  <u>Id.</u> at 251.

The case proceeded to trial a second time, and the jury found in favor of Plaintiff Dulin. Specifically, the jury found that Plaintiff's race was a motivating factor in the Board's decision to terminate his employment, and that the Board had failed to prove that it would have made the same decision even had it not considered Plaintiff's race.  The jury awarded Plaintiff back pay in the amount of $12,000 and compensatory damages in the amount of $70,000 for "emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life."

## DISCUSSION

### I.    Motion for Judgment as Matter of Law, or in the Alternative, a New Trial

Defendants renew their motion for judgment as a matter of law, or in the alternative, move for a new trial.  Following the close of the Plaintiff's case, Defendant moved for judgment as a matter of law pursuant to Rule 50, which the Court denied.  Judgment as a matter of law under Rule 50 is appropriate where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  FED. R. CIV. P. 50(a)(1).  When reviewing a motion brought pursuant to Rule 50, the

---

[1] Although the Defendant Board maintains that <u>Reeves</u> is inapplicable to the present case, this argument is precluded by the law of the case doctrine.  Under the law of the case doctrine, any legal or factual decisions made by the appellate court must be followed in all subsequent proceedings in the same case unless: (1) the evidence in a subsequent trial is substantially different; (2) the prior decision was "clearly erroneous and would work manifest injustice;" or (3) controlling authority has in the interim made a contrary decision of law applicable to the disputed issue. <u>Falcon v. Gen. Tele. Co.</u>, 815 F.2d 317, 320 (5th Cir. 1987).  None of these exceptions to the doctrine apply.

Court is to "disregard all evidence favorable to the movant that the jury was not required to believe" and "view the trial evidence in the light most favorable to the nonmovant, making all reasonable factual inferences and credibility assessments in the nomovant's favor." Illinois Cent. R.R. Co. v. Guy, 682 F.3d 381, 393 (5th Cir. 2012). The jury's verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that a reasonable jury could not arrive at any verdict to the contrary. Id. After trial, a party filing a renewed motion for judgment as a matter of law may also include a joint or alternative request for a new trial under Rule 59. FED. R. CIV. P. 50(b).

Rule 59 of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a); Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. The judgment will stand when the evidence presented at trial could reasonably support the jury's verdict. See, e.g., Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. Carter v. Fenner, 136 F.3d 1000, 1010 (5th Cir. 1998).

3

After reviewing the transcript, evidence presented at trial, and notes taken contemporaneously therewith, the Court finds that sufficient evidence was presented to sustain the jury's finding that race was a motivating factor in the Board's decision to terminate Dulin. Specifically, Dulin's prima facie case, combined with evidence casting doubt on the veracity of the Board's proffered reasons for Dulin's termination and the substantial circumstantial evidence of discrimination adduced at trial, was sufficient to allow a reasonable juror to conclude that the Board unlawfully discriminated against Dulin. Accordingly, the Board's renewed motion for judgment as a matter of law will be denied.

Defendant also asserts that the Court erred by refusing to specifically instruct the jury that it was required to find that a majority of the Board voted to replace him due to his race. Defendant fails to cite any binding authority requiring such an instruction. The jury was specifically instructed that the "the decision-maker in this case is the Board, not its individual members," and consistently instructed that it must find that race was a substantial or motivating factor in the Board's decision. The Court finds this assignment of error to be without merit.

Defendant next argues that the Court erred in allowing the Plaintiff to introduce Defendant's counterclaim against Dulin for malpractice. Defendant contends such was irrelevant, arguing that "the fact that a counterclaim was brought years later after a decision provided *no evidence* of the motives for replacing Dulin." However, the Plaintiff contended that the allegations of malpractice in the counterclaim were after-the-fact justifications for Dulin's termination which were not advanced until after the instant suit had been filed and went to the pretextual nature of the Board's stated reasons for Dulin's termination. The Court has reviewed its ruling in regard to this issue and finds that it committed no error in allowing admission of the counterclaim. Furthermore, even

4

assuming arguendo that such as admission was error, it was not so prejudicial as to warrant a new trial.

Finally, Defendant argues that Plaintiff's counsel violated the "Golden Rule" during closing arguments by "continuously referenc[ing] defendant as 'not caring' about the plaintiff because defendant's corporate representative was not present during closing arguments." A motion for a new trial premised on improper arguments by counsel "should only be granted when improper closing argument irreparably prejudices a jury verdict or if a jury fails to follow instructions." Baisden v. I'm Ready Prod., Inc., 693 F.3d 491, 509 (5th Cir. 2012) (internal quotations omitted). In the Court's opinion, Plaintiff counsel's closing arguments—to they extent they were improper at all—do not warrant a new trial. See Dixon v. Int'l Harvester Co., 754 F.2d 573, 585 (5th Cir. 1985) ("To justify a reversal based on improper comments of counsel, the conduct must be such as to gravely impair the calm and dispassionate consideration of the case by the jury."); see also Whitehead v. K Mart Corp., 173 F. Supp. 2d 553, 564 (S.D. Miss. 2000) ("Generally, closing argument must go far beyond the bounds of accepted advocacy before a new trial will be granted.").

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law, or in the alternative, a New Trial will be denied.

## II.     Amendment of the Judgment Under Rule 59(e)

Alternatively, Defendant asserts that the award of compensatory damages should be reduced under Rule 59(e). "There is a strong presumption in favor of affirming a jury award of damages, and a damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice." Westbrook, 754 F.2d at 1241. Damage awards based on intangible harm are reviewed with deference "because the harm is

subjective and evaluating it depends considerably on the demeanor of witnesses." <u>Giles v. Gen. Elec. Co.</u>, 245 F.3d 474, 487-88 (5th Cir. 2001). "Nonetheless, to merit any award greater than nominal damages, emotional distress damages must be 'supported by competent evidence concerning the injury.'" <u>Id.</u> at 488 (quoting <u>Brady v. Fort Bend Cnty.</u>, 145 F.3d 691, 718 (5th Cir. 1998)).

The Defendant Board argues that the jury's award of $70,000 was based only on vague testimony regarding "embarrassment" that, in Defendant's view, "was at best minimal." The Court disagrees. Dulin testified that he had held the position as Board attorney for over twenty-four years and considered his relationship with the employees of the hospital to be "like family." He testified that the Hospital Board was an important part of his law practice, and that being replaced because of his race was "humiliating," a "shock," and a "stressful situation." Dulin also testified that the loss of his position caused him to close down his Greenwood law practice sooner than he had intended.

The Court finds that the jury's award is not disproportionate to the amount awarded in factually similar cases. For example, in <u>Giles</u>, the Fifth Circuit remitted an award of $300,000 to $150,000 where plaintiff testified that following his termination, "he had trouble sleeping, suffered headaches and marital difficulties, and lost the prestige and social connections associated with his position" and his wife testified that plaintiff was "despondent, depressed, down and absolutely utterly discouraged about not being able to come to work." <u>Id.</u> at 488.

In the unpublished opinion of <u>Thomspon v. City of Tupelo</u>, the Fifth Circuit reduced an award of $300,000 of non-economic damages to $50,000 where "the record lack[ed] any proof that objective signs of mental distress, such as sleeplessness or stomach troubles, were caused by her

discharge." <u>Thompson v. City of Tupelo</u>, 268 F.3d 1064, 2001 WL 878055 (5th Cir. 2001). More

recently, in <u>Tureaud v. Grambling State Univ.</u>, the Fifth Circuit affirmed an award of $140,000 in

compensatory damages where the plaintiff testified that his retaliatory discharge was

> "emotionally embarrassing" and [a] "painful experience" that caused him to be
> "deeply hurt" because (1) he had never been discharged from a previous job; (2) he
> was part of a tight-knit law enforcement community and his discharge was the
> subject of gossip; (3) he was repeatedly questioned about the discharge by his peers
> and subsequent employers; and (4) he was unable to obtain suitable employment
> after his discharge. He further testified that he gained "quite a bit" of weight, was
> stressed, and "had the blues" because of the discharge.

294 F. App'x 909, 916 (5th Cir. 2008). Though the Court noted that this award was "on the high

end," it found that the award was not "clearly excessive." <u>Id.</u>

Here, the jury was able to observe Dulin's demeanor first hand as he testified to the

circumstances surrounding his termination, and was in the best position to determine his entitlement

to compensatory damages. In light of the above cases, the Court cannot say that the jury's award

of $70,000 in compensatory damages was clearly excessive or influenced by passion or prejudice.

Accordingly, the Motion to Alter or Amend the Court's Judgment is denied.

## CONCLUSION

The Defendant Board's post-trial motions are denied.

SO ORDERED on this, the 20th day of November, 2012.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**