IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GEORGE DULIN** **PLAINTIFF**

**V.** **CIVIL ACTION NO.: 4:07-CV-194-A-V**

**BOARD OF COMMISSIONERS OF THE**
**GREENWOOD LEFLORE HOSPITAL** **DEFENDANT**

**ORDER**

Following a jury verdict in favor of Plaintiff George Dulin on his claims of racial discrimination in violation 42 U.S.C. §§ 1981 and 1983, Plaintiff has filed a Motion for Attorney Fees and Expenses [217]. For the following reasons, the Court finds Plaintiff's motion should be denied without prejudice.

*Factual and Procedural Background*

In this action for racial discrimination brought pursuant to 42 U.S.C. §§ 1981 and 1983, Plaintiff George Dulin claims he was terminated from his position as the attorney for the Defendant Board due to his race. This case was first tried in January 2010, whereupon at the conclusion of Plaintiff's case, the Court granted Defendant's motion for judgment as a matter of law. Plaintiff appealed, and the Fifth Circuit reversed and remanded the case "in light of the Supreme Court's holding in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) that a 'plaintiff's prima facie case [of discrimination], combined with sufficient evidence to find that the employer's asserted justification [for termination] is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.'" Dulin v. Bd. of Comm'rs of Greendwood Leflore Hosp., 657 F.3d 251, 251-52

(5th Cir. 2011).[1]  Accordingly, the Fifth Circuit determined that "there is a triable issue of fact that requires a jury to decide fact and credibility issues." Id. at 251.

The case proceeded to trial a second time, and the jury found in favor of Plaintiff. Specifically, the jury found that Plaintiff's race was a motivating factor in Defendant's decision to terminate his employment, and that Defendant had failed to prove that it would have made the same decision even had it not considered Plaintiff's race.  The jury awarded Plaintiff back pay in the amount of $12,000 and compensatory damages in the amount of $70,000 for "emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life."  Defendant has appealed, and the parties are currently awaiting decision by the Fifth Circuit.

*Analysis and Discussion*

The general rule in our legal system is that each party must pay its own attorney's fees and expenses, see Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), but Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced.  Section 1988 provides that "[i]n any action or proceeding to enforce . . . [42 U.S.C. § 1983] . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).  The Fifth Circuit has held that prevailing parties are entitled to attorney's fees under § 1988 for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the civil rights

---

[1]Although the Defendant Board maintains that Reeves is inapplicable to the present case, this argument is precluded by the law of the case doctrine.  Under the law of the case doctrine, any legal or factual decisions made by the appellate court must be followed in all subsequent proceedings in the same case unless: (1) the evidence in a subsequent trial is substantially different; (2) the prior decision was "clearly erroneous and would work manifest injustice;" or (3) controlling authority has in the interim made a contrary decision of law applicable to the disputed issue. Falcon v. Gen. Tele. Co., 815 F.2d 317, 320 (5th Cir. 1987).  None of these exceptions to the doctrine apply.

2

action. Cruz v. Hauck, 762 F.2d 1230, 1233 (5th Cir. 1985); Johnson v. State of Mississippi, 606 F.2d 635, 637-38 (5th Cir. 1979).

Though Defendant has filed a notice of appeal, the Court retains jurisdiction over Plaintiff's motion. Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 524 (5th Cir. 2002) ("The district court, however, retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal." ).  However, the Court is not required to resolve such matters before the appeal is resolved.  The 1993 Advisory Committee Note to Federal Rule of Civil Procedure 54(d)(2) states:  "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." See also Echols v. Parker, 909 F.2d 795, 799 (5th Cir. 1990) ("[A] motion for § 1988 attorney's fees should be treated as a motion for costs under FRCP 54(d) and 58."); Kirmer v. Goodyear Tire & Rubber Co., 2012 WL 2564955 (E.D. La. July 2, 2012) (adopting recommendation of U.S. magistrate judge to dismiss without prejudice plaintiff's rule 54 motion for attorney fees as premature); Art Midwest, Inc. v. Clapper, 2004 WL 877613 (N.D. Tex. Apr. 20, 2004) (adopting recommendation of U.S. magistrate judge to deny rule 54 motions without prejudice to renewal after disposition of appeal on the merits); Rau v. Apple-Rio Mgmt. Co., Inc., 2000 WL 35591645 (N.D. Ga. March 29, 2000) ("[I]f one or both of the parties appeal. . . . , it may be more efficient to defer ruling on additional fees and expenses until after the appeal is resolved.").

Given the procedural background of this matter, the Court finds that delaying resolution of Plaintiff's request for fees and expenses until the appeal on the merits has been decided is the more prudent course of action.  Immediate resolution of the collateral issues of attorney fees and

expenses is unlikely to assist the Court of Appeals. Therefore, in order to avoid the piecemeal resolution of fees that would necessarily follow from ruling on Plaintiff's request for fees prior to a decision on the second appeal of this matter, the Court denies Plaintiff's motion without prejudice to his right to re-file such motion no later than fourteen days after a ruling on the merits by the Court of Appeals is entered on the docket of the United States District Court for the Northern District of Mississippi.

*Conclusion*

Plaintiff's Motion for Attorney Fees and Expenses [217] is DENIED without prejudice to renewal following resolution of the appeal currently pending before the Court of Appeals.

SO ORDERED, this the 30th day of September, 2013.

        /s/ Sharion Aycock
        UNITED STATES DISTRICT JUDGE